**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


BARBARA J. RILEY,

        Plaintiff,

                                        Case No. 3:16-cv-961-J-34MCR

vs.

MICHAEL A. CARDOZO, et al.,

        Defendants.

_____/


**O R D E R**


    **THIS CAUSE** is before the Court on Plaintiff's Verified Answer and Defenses re 24 Counterclaim of Defendant Jay S. Markowitz, Esquire with Affidavit in Support and Memorandum of Law and Rule 60 Motion to Set Aside October 17, 2016 Simulated Counterclaim Proceeding of Jay S. Markowiz [sic] (Doc. 33; Answer), filed October 26, 2016.  Plaintiff attaches to her Answer a section titled "Plaintiff's Rule 60 Verified Motion to Set Aside Simulated Counterclaim Proceeding of Jay S. Markowitz of October 17, 2016."  See Answer at 13-15 (Rule 60 Motion).  Upon review, the Court finds that the Rule 60 Motion portion of Plaintiff's Answer is due to be stricken as improper.

    Pursuant to Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)), with certain exceptions not applicable here, "[b]efore filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion."  This Local Rule requires the moving party to file a statement with the motion certifying that this conferral occurred

and stating whether the parties agreed on the resolution of the motion.  <u>See</u> Local Rule 3.01(g); <u>see also</u> Order (Doc. 9) at 4.  Because Plaintiff fails to include a Local Rule 3.01(g) certification with her Rule 60 Motion, the Motion is due to be stricken for failure to comply with the Local Rules.

Moreover, Plaintiff is advised that it is inappropriate to attach a motion to a pleading.  A pleading is a type of filing used to set forth a party's claims or defenses.  <u>See</u> Rule 8, Federal Rules of Civil Procedure (Rule(s)).  For example, a complaint, an answer to a complaint, and a counterclaim are types of pleadings.  <u>See</u> Rule 7(a).  In contrast, a motion is a request for a court order.  <u>See</u> Rule 7(b).  As these are different types of filings, to which different rules apply, it is improper to attach a motion to a pleading, <u>see</u> Rule 7(a)-(b), and doing so may impede the Court's ability to rule on the motion.  As such, the Court will strike the Rule 60 Motion from Plaintiff's Answer for this reason as well.  Going forward, Plaintiff should ensure that her requests for an order from the Court are made by a motion, filed separately on the docket, in a form which complies with the Local Rules of this Court and the Federal Rules of Civil Procedure.  <u>See</u> Local Rule 3.01; <u>see also</u> Order (Doc. 9).  Failure to comply with these Rules unnecessarily wastes judicial resources and may result in significant consequences, including denial of the motion, dismissal of the case, or other sanctions.  In light of the foregoing, it is

**ORDERED**:

Plaintiff's Rule 60 Verified Motion to Set Aside Simulated Counterclaim Proceeding of Jay S. Markowitz of October 17, 2016 (Doc. 33 at 13-15) is **STRICKEN**.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of November, 2016.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties