**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


BARBARA J. RILEY,

        Plaintiff,

                                  Case No. 3:16-cv-961-J-34MCR

vs.

MICHAEL A. CARDOZO, et al.,

        Defendants.

_____/


# <u>O R D E R</u>

    **THIS CAUSE** is before the Court on various filings.  On October 17, 2016, Defendant Jay Markowitz filed his Answer and Counterclaim (Doc. 24).  In addition, on October 24, 2016, he filed a Notice of Motion: (1) For Summary Judgment Pursuant to FRCP Rule 56 Dismissing This Case as Against Defendant Jay Markowitz; (2) Imposing Costs, Sanctions and Fees Against Barbara Riley Pursuant to FRCP 11(c); and (3) Granting Defendant Jay Markowitz a Permanent Injunction Against Barbara Riley From Re-Filing Another Lawsuit Against Jay Markowitz or The Law Offices of Jay Markowitz, P.C. (Doc. 28; Notice).  Markowitz attaches to the Notice his Motion by Defendant Jay Markowitz: (1) For Summary Judgment Pursuant to FRCP Rule 56 Dismissing This Case as Against Defendant Jay Markowitz; (2) Imposing Costs, Sanctions and Fees Against Barbara Riley Pursuant to FRCP 11(c); and (3) Granting Defendant Jay Markowitz a Permanent Injunction Against Barbara Riley From Re-Filing Another Lawsuit Against Jay

Markowitz or The Law Offices of Jay Markowitz, P.C. (Doc. 28-1; Motion).  Upon review, the Court finds that the Answer, Notice and Motion are due to be stricken.[1]

In the Notice, Markowitz purports to set a deadline for the response to the Motion, and indicates that the case "will be heard before the Honorable Monte C. Richardson" on November 21, 2016, at 9:30 a.m.  See Notice at 2.  Markowitz's attempt to set this matter for a hearing is without effect and entirely improper, as is his purported deadline for "objections."  Id.  Specifically, Local Rule 3.01(j) states that:

> Motions and other applications will ordinarily be determined by the Court on the basis of the motion papers and briefs or legal memoranda; provided, however, the Court may allow oral argument upon the written request of any interested party or upon the Court's own motion.  Requests for oral argument shall accompany the motion, or the opposing brief or legal memorandum, and shall estimate the time required for argument.  All hearings on motions shall be noticed by the Clerk, as directed by the judge assigned to the case, either on regular motion days if practicable . . . or at such other times as the Court shall direct.

See Local Rule 3.01(j), United States District Court, Middle District of Florida (Local Rule(s)) (emphasis added).  Likewise, Local Rule 3.01(b) provides that a party opposing a motion has fourteen (14) days to file a response in opposition to the motion.  In light of the foregoing Local Rules, Markowitz is without authority to set response deadlines or motion hearings, and his improper attempt to do so is due to be stricken.

In addition, upon review of the Motion, the Court observes that Markowitz fails to comply with Local Rule 3.01(a).  Pursuant to this Local Rule,

> [i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the

---

[1] The Court also notes that on September 16, 2016, Markowitz filed a rejected waiver of service form with a letter to the Court attached.  See Waiver of the Service of Summons (Doc. 10), Att. 1.  In the letter, Markowitz requests that the Court dismiss this action with prejudice and impose sanctions against Plaintiff.  Id.  However, pursuant to Local Rule 3.01(f), requests for relief "shall not be addressed or presented to the Court in the form of a letter or the like."  As such, the Court will take no action pursuant to this letter.

> request, all of which the movant shall include in a single document not more than twenty-five (25) pages.

See Local Rule 3.01(a) (emphasis added).  In the Motion, Markowitz does not include a memorandum of legal authority as required by the Local Rule.  Indeed, Markowitz fails to cite to any legal authority in support of his requested relief.  See generally Motion.  Accordingly, the Court finds that the Motion is due to be stricken as well.[2]

With respect to the Answer and Counterclaim, the Court has reviewed the allegations which are identified as Markowitz's "Counterclaim" against Plaintiff, but cannot discern what cause of action forms the basis of any purported claim against Plaintiff.  See Answer and Counterclaim at 2-8.  Notably, rather than state a claim for relief, Markowitz concludes his Counterclaim by requesting that the Court dismiss Plaintiff's Amended Complaint Verified for Civil Rights Violations (Doc. 4; Amended Complaint), award sanctions and costs against Plaintiff, and impose a permanent injunction.  See Answer and Counterclaim at 8.  As such, although titled as a "Counterclaim," this portion of the document appears to be more properly described as a Motion to Dismiss or a Motion for Sanctions, rather than a pleading.  A pleading is a type of filing used to set forth a party's claims or defenses, whereas a motion is a request for a court order.  See Rule 8, Federal Rules of Civil Procedure (Rule(s)); Rule 7(a) (listing types of pleadings); Rule 7(b) (setting forth the requirements for a motion).  As these are different types of filings, to which different rules apply, it is improper to attach a motion to a pleading, see Rule 7(a)-(b), and doing so may impede the Court's ability to rule on the motion. Indeed, as described above, pursuant to the Court's Local Rules, a motion must include a memorandum of law in

---

[2] Markowitz is also advised that he need not attach his motions to a "Notice" of filing, and should instead file the motion itself directly.

support of the requested relief, and in most circumstances, must include a certificate of conferral with opposing counsel.  <u>See</u> Local Rule 3.01(a), (g).  Moreover, a motion for sanctions pursuant to Rule 11 is also subject to certain requirements.  <u>See</u> Rule 11(c)(2). Accordingly, the Court will strike the Answer and Counterclaim, and direct Defendant Markowitz to file an amended response to the Amended Complaint which complies with the Local Rules of this Court and the Federal Rules of Civil Procedure.

In light of the foregoing, the Court will also direct Markowitz to read the Local Rules prior to submitting any future filings.[3]  Markowitz is reminded that although he is proceeding in this action <u>pro se</u>, he is still expected to comply with the Local Rules of this Court.  <u>See</u>, <u>e.g.</u>, Order (Doc. 9) (advising <u>pro se</u> plaintiff of some of the procedural rules of this Court). Failure to abide by the Local Rules wastes judicial resources unnecessarily, and as such, the failure of Markowitz, or any party, to comply with the Local Rules in the future may risk the imposition of sanctions.  Accordingly, it is

**ORDERED**:

1. Defendant Jay Markowitz's Notice of Motion: (1) For Summary Judgment Pursuant to FRCP Rule 56 Dismissing This Case as Against Defendant Jay Markowitz; (2) Imposing Costs, Sanctions and Fees Against Barbara Riley Pursuant to FRCP 11(c); and (3) Granting Defendant Jay Markowitz a Permanent Injunction Against Barbara Riley From Re-Filing Another Lawsuit Against Jay Markowitz or The Law Offices of Jay Markowitz, P.C. (Doc. 28), as well as the attached Motion, are **STRICKEN**.

---

[3] The Local Rules are available for review on the public website for the Middle District of Florida at www.flmd.uscourts.gov.

2. Defendant Jay Markowitz's Answer and Counterclaim (Doc. 24) is **STRICKEN**. Markowitz shall have up to and including **November 17, 2016**, to file an amended response to Plaintiff's Amended Complaint Verified for Civil Rights Violations (Doc. 4).

3. Defendant Jay Markowitz is **directed** to read the Local Rules of the United States District Court, Middle District of Florida prior to submitting any additional filings in this Court.  Failure to abide by the Local Rules in the future may result in the imposition of sanctions.

   **DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of November, 2016.

   MARCIA MORALES HOWARD
   United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties