**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA J. RILEY,

       Plaintiff,

vs.

Case No. 3:16-cv-961-J-34MCR

MICHAEL A. CARDOZO, et al.,

       Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Barbara J. Riley's (Riley) Pro Se Plaintiff's Motion to Strike Verified re 25, 30, and 32, 3 Non-Parties Unlicensed Attorneys' Motions to Dismiss of October 20, 2016 and October 25, 2016, Respectively, with Plaintiff's Memorandum of Law and Plaintiff's 7 Exhibits A to G [sic] (Doc. 34; Motion), filed on November 2, 2016.  In her Motion, Riley requests that the Court strike the Memorandum of Law in Support of the New York State Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 25; NYS Motion) filed on October 20, 2016, Defendant's [sic] Alex S. Avitabile's Motion to Dismiss Plaintiff's Amended Complaint, With Prejudice, and Memorandum of Law in Support Thereof [sic] (Doc. 30; Avitabile Motion) filed on October 25, 2016, and the Motion to Dismiss or to Transfer Venue on behalf of New York City and Michael A. Cardozo (Doc 32; NYC Motion) filed on October 25, 2016 (collectively, Motions

to Dismiss).  See Motion at 1, 22-23.  In addition, Riley seeks various other forms of affirmative relief.  See Motion at 22-24.

Rule 12(f)(2), Federal Rules of Civil Procedure (Rule(s)) provides that, upon motion by a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  However, only material found in a "pleading" may be stricken pursuant to Rule 12(f).  See Jeter v. Montgomery Cnty., 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007); Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala. 1999); Newsome v. Webster, 843 F. Supp. 1460, 1464-65 (S.D. Ga. 1994).  Rule 7(a) defines which documents constitute pleadings.[1]  See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (noting that Rule 7(a) "enumerat[es] permitted 'pleadings'").  Motions for dismissal are not considered pleadings.  See Rule 7(a).  Riley's Motion is directed at the Motions to Dismiss—filings that do not constitute pleadings.  See Motion at 1; Rule 7(a).  Thus, the remedy provided in Rule 12(f) is not available.[2]

To the extent Riley's Motion requests that the Court deny the Motions to Dismiss, it is due to be denied.  Riley is directed to file a proper memorandum in opposition to the Motions to Dismiss, with citation to legal authority, in accordance with Local Rule 3.01(b), United States District Court, Middle District of Florida (Local Rule(s)).  As the response

---

[1] Specifically, Rule 7(a) provides that "[o]nly these pleadings are allowed":
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;
(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.

[2] The Court recognizes that it is ruling on the Motion without waiting for Defendants to file responses. As the Court concludes that there is no authority for the relief requested, responses are not necessary at this time.

2

time allowed under Local Rule 3.01(b) has expired with respect to NYS's Motion, and will expire on November 8, 2016 for the Avitabile and NYC Motions, the Court will grant Riley additional time to file appropriate responses to the Motions to Dismiss.

Further, to the extent Riley requests other forms of affirmative relief in the Motion, the request is due to be Denied.  Riley has not complied with Local Rule 3.01(g) requiring a moving party to confer with opposing counsel in a good faith effort to resolve the issues raised by the motion.  See Order (Doc. 9) at 4 and Order (Doc 35) at 1-2.  Because Plaintiff fails to include a Local 3.01(g) certification with her Motion, the Motion is due to be denied for failure to comply with the Local Rules.

Additionally, the Court takes this opportunity to remind Riley that although she is a pro se litigant, she is subject to the same law and rules of court as a litigant who is represented by counsel, including the Federal Rules of Civil Procedure, and the Local Rules of this Court.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  The following are some, but not all, of the procedural rules with which she must comply.

All documents filed with the Court must be in the form of a pleading, see Rule 7(a), or of a motion, see Rule 7(b).  Each pleading, motion, notice, or other paper shall be presented in a separate document.

All requests for relief from, or action by, the Court must be in the form of a motion. If Riley seeks any relief from, or action by, the Court, or seeks the entry of an order of any kind, she must file a proper motion requesting that relief.  The motion must meet the requirements of all applicable rules, including the Local Rules and the Federal Rules of Civil Procedure.  All motions must be accompanied by a legal memorandum with citation of authorities in support of the relief requested, see Local Rule 3.01(a).  However, the

3

motion and memorandum shall be filed as one single document and cannot exceed twenty-five pages (25) in length.  See id.  If Riley seeks to oppose a motion or application, she must file a response within fourteen (14) days after service of the motion or application, see Local Rule 3.01(b).  The response cannot exceed twenty (20) pages in length.  See id.

As previously mentioned, Riley is advised that prior to filing most motions, Local Rule 3.01(g) requires that she confer with opposing counsel in a good faith attempt to resolve the issue.  Riley must include a certification in the motion that she has complied with this requirement and she shall also notify the Court whether the parties agree on the relief requested.  The Court would note that Local Rule 3.01 sets forth several other important requirements and rules governing motions filed with the Court.  The failure to comply with these requirements or any other rule may result in the denial of the motion.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants in this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Riley's duties and obligations in litigating this case.

Upon consideration of the foregoing, it is hereby **ORDERED**:

1. Riley's Motion to Strike Verified re 25, 30, and 32, 3 Non-Parties Unlicensed Attorneys' Motions to Dismiss of October 20, 2016 and October 25, 2016, Respectively, with Plaintiff's Memorandum of Law and Plaintiff's 7 Exhibits A to G (Doc. 34) is **DENIED**.

2. Riley shall review and comply with the provisions of this Order, as well as the Federal Rules of Civil Procedure, Local Rules of the Middle District of Florida,

and any applicable statutes and regulations. Riley shall also review the *Guide for Proceeding Without a Lawyer* located at the Court's website, www.flmd.uscourts.gov.

3. Riley shall have up to and including **November 30, 2016**, to file a memorandum of legal authority in opposition to the Motions to Dismiss.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of November, 2016.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc25
Copies to:

Counsel of Record
Pro Se Parties