**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BARBARA J. RILEY,

      Plaintiff,

vs.
                                Case No. 3:16-cv-961-J-34MCR

MICHAEL A. CARDOZO, Individual in his
Manhattan Attorney capacity, Esquire,
et al.,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court on several motions. Plaintiff Barbara J. Riley, pro se, initiated this action on July 28, 2016. See Complaint Verified for Civil Rights Violations (Doc. 1). On August 1, 2016, Riley filed her Amended Complaint Verified for Civil Rights (Doc. 4; Amended Complaint) in which she asserts claims under 42 U.S.C. §§ 1983, 1985, and 1988 against Defendants Michael A. Cardozo, Alex S. Avitabile, Inga M. O'Neale, Nancy T. Sunshine, Jay S. Markowitz, and the City of New York (the City). Along with the Amended Complaint, Riley also filed Plaintiff's Affidavit in Support of Amended Complaint (Doc. 5; Riley Aff.). Thereafter, Defendants Cardozo, Avitabile, O'Neale, Sunshine, and the City of New York (Defendants) filed motions to dismiss this action pursuant to Rule 12(b), Federal Rules of Civil Procedure (Rule(s)).[1] See Memorandum of Law in Support of the New York State Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc.

---

[1] The only Defendant who did not move for dismissal is Jay S. Markowitz. Instead, on November 9, 2016, Markowitz filed an Answer (Doc. 39). In this Order, the Court refers to the defendants who filed Motions to Dismiss collectively as "Defendants" and to Markowitz separately by name. Additionally, because Markowitz did not file a motion to dismiss, the Court will address the claims against him separately in Part IV of this Order.

25; State Motion), filed October 20, 2016; Defendant's [sic] Alex S. Avitabile's Motion to Dismiss Plaintiff's Amended Complaint, with Prejudice, and Memorandum of Law in Support Thereof (Doc. 30; Avitabile Motion), filed October 25, 2016; Motion to Dismiss or to Transfer Venue on Behalf of Defendants New York City and Michael A. Cardozo (Doc. 32; City Motion), filed October 25, 2016 (collectively, Motions).[2] Riley responded to each of these Motions. See Plaintiff's Response Verified re 25 Non-Party Unlicensed Attorney's Motion to Dismiss of October 20, 2016 with Memorandum of Law and 4 Exhibits A to D (Doc. 45; Response to State Motion), filed November 16, 2016; Response Verified re 30 With Legal Authorities with 5 Additional Exhibits A to E in Support as Proof in Rem Tax Foreclosure Class Action No. 51 Not Commenced in Court Proving Sham Motion to Dismiss with Sham Defenses of Unlicensed Counsel Gore is New Fraud on This Court (Doc. 47; Response to Avitabile Motion), filed November 29, 2016; Response Verified re 32 With Legal Authorities With 5 Additional Exhibits A to E in Support as Proof in Rem Tax Foreclosure Class Action No. 51 Not Commenced in Court Proving Sham Motion to Dismiss with Sham Defenses of Unlicensed Counsel Leitch is New Fraud on this Court (Doc. 46; Response to State Motion), filed November 29, 2016 (collectively, Responses).[3] Accordingly, this matter is ripe for review.

---

[2] On October 25, 2016, the City and Cardozo also filed a Notice of Joinder in the Legal Arguments I and IV through VIII Raised by the New York State Defendants [Document 25, Including Exhibits] (Doc. 31).

[3] The Court notes that Riley denotes a significant portion of her Responses to baseless, personal attacks on the attorneys representing Defendants. Riley's accusations are improper, and her contention that these attorneys are not authorized to represent Defendants in this Court is frivolous. Riley is cautioned that this manner of litigating not only does nothing to advance her claims, but also could lead to the imposition of sanctions against her. Nonetheless, the Court has endeavored to carefully parse the Responses for any arguments that might be relevant to the actual substance of the Motions.

Riley also has filed several other documents accusing the undersigned, the assigned Magistrate Judge, and the Clerk's Office staff of corruption, bias, prejudice and fraud. See Plaintiff's Notice Verified re The Deputy Clerks' Ongoing Documents Filing Fraud Scheme Constituting Fraud on the Court by the Duputy [sic] Clerks Involved (Doc. 48; Notice re Clerk), filed November 30, 2016; Plaintiff's Objection to Void Order

**I.     Standard of Review**

In the Motions, Defendants raise numerous arguments in support of dismissal, including a lack of subject matter jurisdiction under the Rooker-Feldman doctrine and a lack of personal jurisdiction. See generally Motions. Upon review, the Court finds the personal jurisdiction analysis to be straightforward and dispositive. As such, the Court exercises its discretion to address this argument first. See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("[J]urisdictional questions ordinarily must precede merits determinations in dispositional order, [but] there is no mandatory 'sequencing of jurisdictional issues.'" (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999))); Ruhrgas, 526 U.S. at 588 ("Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of

---

of U.S. District Judge Marcia Morales Howard of February 3, 2017 Fraudulently Denying Plaintiff's Rule 60(B)(4) Motion Submitted With Clear Evidence (Doc. 55; Objection), filed February 8, 2017; Pro Se Plaintiff's Notice of Filing 3 Exhibits of Defendants' Fraud on the New York State Unified Court System, Defendants' 59 Void Personal Judgments Without Pleadings and Defendants' Fraud on this Court in Support of re 55 Plaintiff's Objection to Void re 54 Order Denying re 53 Plaintiff's Rule 60(b)(4) Motion (Doc. 58; Notice re Fraud), filed March 28, 2017. Long on vitriol, and short on actual facts or evidence, the Court rejects Riley's accusations as entirely without merit. Indeed, with respect to the Clerk's Office's purported refusal to file her documents, the Court notes that Riley does not identify a single document that she was unable to file, and the docket reflects that Riley submitted briefs and evidence in response to all of Defendants' Motions.

     In addition, although Riley did not file a motion for recusal, it appears from the foregoing filings that Riley believes that the undersigned's recusal from this matter is warranted. See Notice re Fraud at 6; Objection at 3. However, the sole basis for this request is Riley's disagreement with the undersigned's rulings in this matter. The undersigned has fully reviewed and considered the filings and finds that there is no reason for the undersigned to recuse herself in this case. See Byrne v. Nezhat, M.D., 261 F.3d 1075, 1102-03 (11th Cir. 2001) abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co., 553 U.S. 639 (2008); McWhorter v. City of Birmingham, 906 F.2d 674, 678-79 (11th Cir. 1990); Ivey v. Snow, Civil Action No. 1:05-CV-1150-JOF, 2007 WL 1810213, at *2 (N.D. Ga. June 21, 2007). As such, the undersigned is obligated to continue to preside over this matter. See United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse [her]self on unsupported, irrational, or highly tenuous speculation."); Lawal v. Winners Int'l Rests. Co. Operations, Inc., No. 1:04-CV-0913-WSD, 2006 WL 898180, at *4 (N.D. Ga. Apr. 6, 2006) ("'A trial judge has as much obligation not to recuse [her]self when there is no reason to do so as [s]he does to recuse [her]self when the converse is true.'" (quoting United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976))); United States v. Malmsberry, 222 F. Supp. 2d 1345, 1349 (M.D. Fla. 2002) ("[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as [s]he does to recuse when the law and facts require.").

state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935 (11th Cir. 1997) ("As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims."). For the reasons set forth below, the Court determines that it does not have personal jurisdiction over Defendants, and thus, the Court need not address the remainder of Defendants' arguments for dismissal.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." See United Tech. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). Where a defendant "challenges jurisdiction by submitting affidavit evidence in support of its position, 'the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" See id. (quoting Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1269 (11th Cir. 2002)). A district court has discretion to conduct an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction. See Delong Equip. Co. v. Wash. Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988). However, where the court does not conduct an evidentiary hearing, "the plaintiff must present only a prima facie showing of . . . personal jurisdiction." Id.

A plaintiff makes a prima facie showing by presenting evidence sufficient to withstand a motion for directed verdict on the issue of personal jurisdiction. Morris v. SSE, Inc., 843 F.2d 489, 492 (11th Cir. 1988). Thus, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's

4

affidavits[,]" and "where the evidence presented by the parties' affidavits . . . conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." Id. (citing Delong Equip. Co., 840 F.2d at 845). This construction in favor of the plaintiff is particularly necessary where the jurisdictional questions are intertwined with the merits of a case. See Delong Equip. Co., 840 F.2d at 845. Here, upon consideration of the Motions and Responses, the Court determines that an evidentiary hearing is not warranted. Thus, the Court considers whether Riley has made a prima facie showing of personal jurisdiction as to each Defendant.

## II.     Background[4]

This case arises out of a dispute over real property, located in New York, which was allegedly owned by Riley's "ancestor-father C. Riley" until his death in 1973. See Amended Complaint ¶ 17; Plaintiff's Aff. ¶ 2, Ex. A; see also Response to State Motion at 12, Ex. C; State Motion, Ex. A. According to Riley, this property rightfully belongs to her, however her claim to the property appears to be in conflict with that of C. Riley's Estate. See Amended Complaint ¶¶ 17, 24-26 (referencing an allegedly forged will). The dispute between Riley and the Estate has been the subject of litigation in New York state courts. See id. ¶ 26; Riley Aff. ¶ 2, Exs. C-D. In addition, as a result of unpaid tax liens, the City foreclosed on this property in 2011. See Amended Complaint ¶¶ 18-19; State Motion, Ex. A; Response to State Motion, Ex. D. Riley contends that this foreclosure was a "sham," procured by "extrinsic fraud on the courts," and amounts to theft of her property by the City. See

---

[4]     As stated above, for purposes of considering these Motions to Dismiss on the basis of personal jurisdiction, the Court "'must accept the facts alleged in the [Amended Complaint] as true, to the extent they are uncontroverted'" by Defendants' evidence. See Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006) (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)). Where the Amended Complaint and the evidence conflict, the Court "must construe all reasonable inferences in [P]laintiff's favor." Id.

Amended Complaint ¶¶ 18-19.  Her dispute with the Estate, disagreement with the City's foreclosure, and ongoing claim to the property have led to myriad additional lawsuits and court proceedings in New York.  Riley has thus far been unsuccessful in her legal battles.  Of course, according to the Amended Complaint, the reason she has not prevailed in any of those cases is that the individuals involved have engaged in fraudulent, conspiratorial, and even criminal acts, in violation of her civil rights.  See id. ¶¶ 1, 5.  As such, Riley initiated the instant lawsuit premised on what she describes as "Defendants' legal wrongs, extrinsic frauds on surrogate, state and federal courts and false statements made and entered in said courts."  Id. ¶ 5.

The defendants in this action include the City of New York, as well as various attorneys who were in some way connected to the legal proceedings involving the property.  Specifically, Riley names the following individual defendants and describes them as follows: (1) Michael A. Cardozo, a "Manhattan attorney" who works in New York and was counsel for the City of New York, (2) Alex S. Avitabile, a "Manhattan attorney," who works in New York, (3) Inga M. O'Neale, a "Brooklyn attorney," and the law clerk to the state court justice who presided over the foreclosure proceedings in New York, (4) Nancy T. Sunshine, a "Brooklyn attorney," who works in New York as the clerk of a New York state court, and (5) Jay S. Markowitz, a "Queens attorney," who works in New York.  See id. ¶¶ 8-14.  Notably, Riley alleges that "all Defendants are citizens of the state of New York."  See id. ¶ 6.  Riley accuses these individuals of all manner of wrongdoing related to the New York legal proceedings and the property, the details of which are largely vague, conclusory and difficult to follow.  However, the Court finds it unnecessary to summarize Riley's allegations of misconduct any further.  Rather, in determining whether this Court has personal

6

jurisdiction over Defendants, the Court has carefully reviewed the Amended Complaint for any allegations connecting Defendants, or the alleged causes of action, to Florida. The only allegations related to Florida in the Amended Complaint are: (1) "the cause of action arose within the Middle District of Florida and the Eastern District of New York Electronically and through the United States Mail," id. ¶ 4, and (2) Riley is a citizen of the state of Florida whose mailing address is in Florida, id. ¶¶ 6, 7.

## III. Discussion

### A. Applicable Law[5]

In considering a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), courts conduct a two-part analysis. First, the Court must determine "whether the applicable statute potentially confers jurisdiction over the defendant . . . ." See Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 942 (11th Cir. 1997). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." Id.; see also Rule 4(k)(1)(A), (C) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant: (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located; . . . or (C) when authorized by a federal statute."). In the absence of such a statute,

---

[5] The Supreme Court distinguishes between two types of personal jurisdiction: "specific or case-linked jurisdiction and general or all-purpose jurisdiction." See See BNSF Ry. Co. v. Tyyrell, No. 16-405, 581 U.S. ___, slip op. at 10 (May 30, 2017). "Specific personal jurisdiction is founded on a party's contacts to the forum state that are related to the cause of action." See Delong Equip. Co., 840 F.2d at 853. Whereas, "[g]eneral personal jurisdiction arises from a party's contacts to the forum state that are unrelated to the litigation; the test for general jurisdiction is whether the party [has] had 'continuous and systematic' general business contacts with the forum state." Id. (quoting Perkins v. Benquet Consol. Mining Co., 342 U.S. 437, 438 (1952)). Because Riley fails to address personal jurisdiction in either the Amended Complaint or her Responses, it is unclear whether she intends to rely on general or specific personal jurisdiction. Nonetheless, as the Amended Complaint contains no allegations indicating that Defendants have had any contact with the State of Florida outside of their connection to Riley, only the propriety of specific personal jurisdiction is at issue here.

7

the Court turns to the law of the state where it is located. See Delong Equip. Co., 840 F.2d at 847; Sculptchair, Inc. v. Century Arts, Ltd., 94 F.3d 623, 626-27 (11th Cir. 1996) ("When jurisdiction is based on a federal question arising under a statute that is silent regarding service of process, Rule 4(e) . . . directs us to look to the state long-arm statute in order to determine the existence of personal jurisdiction."); see also Walden v. Fiore, 134 S. Ct. 1115, 1121 (2014). Second, the Court must consider whether exercising personal jurisdiction over Defendants "would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004) (quoting Sculptchair, Inc., 94 F.3d at 626). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a nonresident defendant." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 256 (11th Cir. 1996) (internal quotations omitted).

Riley brings this lawsuit pursuant to 42 U.S.C. §§ 1983, 1985, and 1988. See Amended Complaint at 1. Because these statutes do not provide for nationwide service of process, the Court looks to Florida's long-arm statute, section 48.193 of the Florida Statutes, as a basis for exercising personal jurisdiction. See Stroman Realty, Inc. v. Wercinski, 513 F.3d 476, 482 (5th Cir. 2008) ("Because 42 U.S.C. § 1983 lacks a provision for service of process, federal courts adopt state jurisdictional statutes to reach out-of-state defendants.") (internal footnote omitted); see also Courboin v. Scott, 596 F. App'x 729, 732 (11th Cir. 2014) (explaining that because the federal statute at issue "does not have a

nationwide service-of-process provision," the court must "look to the state long-arm statute as a basis for exercising jurisdiction"). The Florida long-arm statute provides that:

> [a] person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from [the enumerated acts.]

See Fla. Stat. § 48.193(1)(a). Because Riley fails to address personal jurisdiction in any of her filings, she has not identified which of the enumerated acts she contends is applicable here. Nevertheless, upon careful review of the record before the Court, for the reasons set forth below, the Court finds that personal jurisdiction is lacking because Riley cannot satisfy the due process prong of the analysis, and as such, the Court need not address the Florida long-arm statute. See Smith v. Poly Expert, Inc., 186 F. Supp. 3d 1297, 1300 (N.D. Fla. May 16, 2016); see also Robinson, 74 F.3d at 256 (instructing that a court may exercise personal jurisdiction over a defendant only if both prongs of the analysis are satisfied).

As stated above, for a court to exercise personal jurisdiction over a defendant, the Due Process Clause of the Fourteenth Amendment to the United States Constitution "requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.'" Mut. Serv. Ins. Co., 358 F.3d at 1319 (quoting Sculptchair, Inc., 94 F.3d at 626). A determination of whether exercising personal jurisdiction comports with the requirements of due process requires a two-part inquiry. See Sculptchair, Inc., 94 F.3d at 630-31 (11th Cir. 1996). First the Court looks to see whether Defendants have sufficient "minimum contacts" with the state of Florida. See id. at 630. In Licciardello v. Lovelady, 544 F.3d 1280 (11th Cir. 2008), the Eleventh Circuit explained that:

> [t]he Constitution prohibits the exercise of personal jurisdiction over a nonresident defendant unless his contact with the state is such that he has "fair warning" that he may be subject to suit there. This "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, and the litigation results from alleged injuries that "arise out of or relate to" those activities. In this way, the defendant could have reasonably anticipated being sued in the forum's courts in connection with his activities there.

Licciardello, 544 F.3d at 1284 (internal citations omitted). Second, the Court determines whether the exercise of jurisdiction over the defendant "would offend 'traditional notions of fair play and substantial justice.'" Sculptchair, Inc., 94 F.3d at 630-31 (quoting Robinson, 74 F.3d at 258). Relevant factors to this inquiry "include 'the burden on the defendant, the interests of the forum . . . , and the plaintiff's interest in obtaining relief.'" See id. at 631 (quoting Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987)).

Turning first to the "minimum contacts" prong, "[j]urisdiction may be constitutionally asserted over the nonresident defendant whenever he has by his own purposeful conduct created a 'substantial connection' with the forum state." Licciardello, 544 F.3d at 1285. Indeed, even a single act can support jurisdiction, "so long as it creates a substantial connection with the forum." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Significantly, "[i]ntentional torts are such acts, and may support the exercise of personal jurisdiction over the nonresident defendant who has no other contacts with the forum." Id. (citing Calder v. Jones, 465 U.S. 783, 790 (1984)). In such intentional tort cases, the Eleventh Circuit evaluates the defendant's connection with the forum using the "effects test" set forth by the Supreme Court in Calder. See Licciardello, 544 F.3d at 1288 (finding that allegations of "the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were suffered in the forum" satisfied the Calder "effects test"); Calder, 465 U.S. at 788-89; see also Oldfield v. Pueblo De Bahia

Lora, S.A., 558 F.3d 1210, 1220 n.28 (11th Cir. 2009); Brennan v. Roman Catholic Diocese of Syracuse N.Y., Inc., 322 F. App'x 852, 856 (11th Cir. 2009).[6]  Specifically, to satisfy the "minimum contacts" prong, the Calder "effects test" requires a plaintiff to demonstrate that the defendant committed a tort that was: "(1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state."  See Licciardello, 544 F.3d at 1286.

Significantly, in Walden, the Supreme Court emphasized that the "effects" of a defendant's intentional conduct must connect the defendant to the forum, not just to a plaintiff who lives there.  See Walden, 134 S. Ct. at 1124.  As such, "mere injury to a forum resident is not a sufficient connection to the forum."  Id. at 1125.  The Walden Court explained that "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."  Id.  Indeed, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."  Id. at 1122.  As such, while "a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties," "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."  Id. at 1123.

---

[6]  On the other hand, in cases of negligence, the Court applies a different test:

Minimum contacts are constitutionally sufficient for specific personal jurisdiction when (1) there "exist[s] some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws[,]" and "the defendant's contacts with the forum . . . relate to the plaintiff's cause of action or have given rise to it."

Ellis v. Jackson Nat'l Life Ins. Co., No. 2:11-cv-1064-WKW, 2012 WL 3777150, at *6 n. 6 (M.D. Ala. Aug. 30, 2012) (alterations in original) (quoting Oldfield, 558 F.3d at 1220).

### B. Analysis

Here, Riley asserts that Defendants are all New York citizens and New York attorneys, with work addresses in New York. The State of Florida is connected to this case only insofar as Riley lives here and received mail here. See Amended Complaint ¶¶ 4, 7. Notably, Riley does not allege that Defendants communicated or corresponded with her in Florida, nor does she attempt to allege that Defendants were even aware that she was located in this state. At most, it appears some Defendants may have known of Riley's Florida address and perhaps exchanged legal correspondence with her based on her address of record in the New York lawsuits. See State Motion, Ex. A at 8 (certifying service to Riley in Florida), Ex. B at 3 (same). Nonetheless, Defendants' purportedly wrongful actions took place in New York, as part of lawsuits filed in New York, in connection with real property located in New York. As such, Defendants' alleged misconduct was not aimed or directed toward Florida, nor even directed at Riley in Florida. Rather, Defendants' conduct was directed at Riley only to the extent she was exerting her presence in New York, by seeking possession of real property in New York, through the court system in New York, although she may have been living in Florida.

Based on the foregoing, the Court finds that the only link between Defendants and Florida is that Riley experienced the effects of their alleged intentional wrongdoing while she was living in Florida. However, mere injury to Riley in Florida, without more, is not a sufficient connection to satisfy the minimum contacts requirements of the Due Process Clause. See Walden, 134 S. Ct. at 1125. Indeed, Defendants could not have reasonably anticipated that their actions in connection with New York lawsuits over New York property would subject them to being haled into court in Florida. See id. at 1123 ("Due process

requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."); see also Courboin, 596 F. App'x at 735 ("In essence, jurisdiction is proper only 'where the defendant's contacts with the forum proximately result from actions by the defendant himself that create a substantial connection with the forum state,' such that the defendant 'should reasonably anticipate being haled into court there.'" (quoting Madara v. Hall, 916 F. 2d 1510, 1516-17 (11th Cir. 1990))). Because Riley fails to establish a constitutionally sufficient relationship between Defendants, Florida, and this litigation, see Walden, 134 S. Ct. at 1121, the Court concludes that it lacks personal jurisdiction over Defendants and the Motions are due to be granted on this basis.[7]

## IV. Defendant Jay S. Markowitz

Defendant Markowitz also maintains that this Court lacks personal jurisdiction over him. However, rather than filing a motion to dismiss, Markowitz raised personal jurisdiction as an affirmative defense in his Answer. See Answer (Doc. 39) at 2. Upon consideration of the Amended Complaint, the Court observes that it contains no additional allegations of personal jurisdiction specific to Markowitz, and as such, the Court's analysis regarding its

---

[7] Although Riley's arguments are difficult to decipher, she appears to contend that the Motions should be denied because the New York judgments are void and her claims are meritorious, such that she is entitled to a jury trial. However, absent personal jurisdiction, her arguments as to the merits of this case are irrelevant. Regardless of whether Riley's claims have any validity, personal jurisdiction represents "a restriction on judicial power," such that without it, this Court is "powerless to proceed to an adjudication." Ruhrgas, 526 U.S. at 584 (internal quotations omitted). Indeed, "[a] defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings." See Republic of Panama, 119 F.3d at 940. Thus, somewhat ironically, Riley urges this Court to hear the merits of her case, a case in which she seeks to challenge allegedly void judgments procured in violation of the Constitution, but if the Court were to enter judgment in her favor, such judgment, itself, would be void. See Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 924 (11th Cir. 2007) ("[A]n in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant." (internal quotations omitted)).

lack of personal jurisdiction over the other Defendants appears to be equally applicable to Markowitz. Notably, "[a] district court may on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." See Courboin, 596 F. App'x at 735 (affirming dismissal for lack of personal jurisdiction of non-moving defendants where the non-moving defendants were similarly situated to the moving defendants). However, "[a] 'district court can only dismiss an action on its own motion as long as the procedure employed is fair.'" See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006)). A fair procedure generally requires providing the plaintiff with "'notice of its intent to dismiss and an opportunity to respond.'" Id. (quoting Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir. 2007)). Accordingly, the Court will provide Riley with the opportunity to show cause why, for the reasons set forth above, the Court should not dismiss her claims against Markowitz for lack of personal jurisdiction. In light of the foregoing, it is

**ORDERED**:

1. The Memorandum of Law in Support of the New York State Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 25), Defendant's Alex S. Avitabile's Motion to Dismiss Plaintiff's Amended Complaint, with Prejudice, and Memorandum of Law in Support Thereof (Doc. 30), and the Motion to Dismiss or to Transfer Venue on Behalf of Defendants New York City and Michael A. Cardozo (Doc. 32) are **GRANTED** to the extent set forth below.

2. Plaintiff Barbara J. Riley's claims against Defendants Alex S. Avitabile, Inga M. O'Neale, Nancy T. Sunshine, the City of New York, and Michael A. Cardozo are **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction.

3. Plaintiff Barbara J. Riley shall have up to and including **July 14, 2017**, to show cause why the Court should not dismiss her claims against Defendant Jay S. Markowitz without prejudice for lack of personal jurisdiction. Upon receipt of Riley's show cause response, the Court will set a deadline for Markowitz to file a reply, if necessary.

**DONE AND ORDERED** in Jacksonville, Florida, this 28th day of June, 2017.

*MARCIA MORALES HOWARD*
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties