UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BARBARA J. RILEY,

    Plaintiff,

v.                                                   CASE NO. 3:16-cv-961-J-34MCR

MICHAEL A. CARDOZO, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on *Pro Se* Plaintiff's Opposed Motion to Recover Service Costs from *Pro Se* Defendant Esquire Jay S. Markowitz with 2 Exhibits Attached with Case Law with Local Rule 3.01(g) Certification ("Motion") (Doc. 70) and the Affirmation of Jay Markowitz in Opposition to Plaintiff's Reinstated Motion for Service Costs ("Opposition") (Doc. 80).

Plaintiff seeks to recover the cost of service of process upon Defendant Markowitz pursuant to Rule 4(d), Fed.R.Civ.P., in the amount of $90.00, for Defendant's failure to waive formal service. Rule 4(d) provides in relevant part:

> **(1) *Requesting a Waiver.*** An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . .
> **(2) *Failure to Waive.*** If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:
>     **(A)** the expenses later incurred in making service; and

> **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Fed.R.Civ.P. 4(d).

The Motion provides that Plaintiff asked Defendant Markowitz to waive formal service of process on September 7, 2016; Defendant refused, without good cause, to waive formal service of process on September 16, 2016; and the actual, formal service of process on Markowitz was completed on October 4, 2016, for which Plaintiff paid $90.00 to N.Y.C. Process Server James Bell.  (Doc. 70.)  Plaintiff supports her Motion by attaching a copy of the proof of service completed by the process server, a letter by Markowitz dated September 12, 2016,[1] and his rejection of the waiver of the service of summons.  (Docs. 70-1 & 70-2.)

In his Opposition, Defendant essentially argues that Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction, pursuant to this Court's findings in the June 28, 2017 Order.  (Doc. 80.)  Defendant argues that under the circumstances here, he should have never been obligated to accept service of the Complaint, and that the imposition of service costs is neither

---

[1] This letter states, in relevant part: "By this letter, I formally <u>reject</u> service of the Complaint against me by mail in this matter, and I am also enclosing my rejection of service in this manner that I am concurrently sending to the plaintiff. . . . I ask that this letter be electronically filed in the minutes of this lawsuit to clearly put all sides on notice that I have rejected <u>service by mail</u> of the pleadings, and to prevent the plaintiff from seeking a default judgment against me prior to properly personally serving me with the pleadings." (Doc. 70-1 at 3-4.)

2

appropriate nor justified. (*Id.* at 6.)

However, Defendant does not cite any legal authority for the proposition that his defenses constitute good cause for his failure to waive service of process. Rather, it appears that the opposite is true.[2] *See* Fed.R.Civ.P. 4, 1993 Advisory Committee Note ("It is not a good cause for failure to waive service that the claim is unjust or that the court lacks jurisdiction. Sufficient cause not to shift the cost of service would exist, however, if the defendant did not receive the request or was insufficiently literate in English to understand it.") & Fed.R.Civ.P. 4, Duty to Avoid Unnecessary Expense of Serving a Summons ("'Good cause' does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property."); *Double "S" Truck Line, Inc. v. Frozen Food Express*, 171 F.R.D. 251, 253 (D. Minn. 1997) (same); *see also Butler v. Crosby*, No. 3:04CV917-J-32MMH, 2005 WL 3970740, *2-3 (M.D. Fla. June 24, 2005) (addressing the good cause standard under Rule 4(d) and finding defendants have failed to establish good cause for their failure to waive formal service).

Because the Court finds that Defendant Markowitz has failed to establish

---

[2] For his affirmative defenses, Defendant Markowitz alleges failure to state a cause of action, lack of personal jurisdiction and subject matter jurisdiction, the doctrine of estoppel, the doctrine of waiver, the doctrine of latches, the doctrine of unclean hands, and the doctrines of collateral estoppel and res judicata. (Doc. 65.)

good cause for his failure to waive formal service, the Court will impose on him the costs incurred in making service, pursuant to Rule 4(d).[3]  Further, Defendant has not directly challenged the amount of service costs that Plaintiff seeks to recover.  As such, Plaintiff will recover the full amount requested.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 70**) is **GRANTED**.

2. **Within thirty (30) days** of the date of this Order, Defendant Markowitz shall remit payment in the amount of $90.00 to Plaintiff.

**DONE AND ORDERED** at Jacksonville, Florida, on October 19, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

Any Unrepresented Party

---

[3] Defendant Markowitz has answered the Second Amended Complaint, and any preceding complaint, without challenging the adequacy of service of process.  (*See* Doc. 65.)